IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| G.S., | Civ. No. 6:25-cv-01087-AA |
| Petitioner, | **ORDER** |
| v. | |
| DREW BOSTOCK, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); TODD LYONS, Acting Director of Immigration and Customs Enforcement ("ICE"); U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, Secretary of the Department of Homeland Security ("DHS"); U.S. DEPARTMENT OF HOMELAND SECURITY, | |
| Respondents. | |

AIKEN, District Judge.

This habeas case comes before the Court on a Petition for Writ of Habeas Corpus, ECF No 1, and a Motion for Temporary Restraining Order ("TRO") filed by Petitioner G.S. ECF No. 4.

Petitioner G.S. is a citizen of India who entered the United States in June 2024 and was detained by Customs and Border Patrol near the United States border in New York. Petitioner was released from custody and placed in removal proceedings pursuant to 8 U.S.C. § 1229a. On December 4, 2024, Petitioner filed an I-589

Page 1 –ORDER

application for asylum with the Immigration Court in Portland, Oregon. On June 3, 2025, Petitioner filed written pleadings with the Immigration Court in Portland, Oregon, acknowledging that he is present in the United States without having been admitted or paroled, and requesting a hearing on his application for asylum.

On June 4, 2025, the Immigration Judge sustained the charge of inadmissibility against Petitioner and placed his case in the queue to be set for an asylum hearing. On June 24, 2025, Petitioner voluntarily went to the Immigration and Customs Enforcement ("ICE") office in Eugene, Oregon to check in as instructed by ICE. At that time, Petitioner was detained without explanation and his current location is unknown.

Petitioner asks the Court to (a) assume jurisdiction over this matter; (b) order Respondents to appear before this Court and show cause why Petitioner is being detained; (c) enjoin Respondents from incarcerating Petitioner during the pendency of this litigation; (d) issue a writ of habeas corpus requiring Respondents to release Petitioner immediately on reasonable conditions; and (e) grant such further relief as the Court deems just and proper.

Upon review of the Petition, the Court ORDERS:

1. The Clerk of Court is directed to serve a copy of the Petition, ECF No. 1, upon Respondents and the Acting United States Attorney for the District of Oregon, William Narus (William.Narus@usdoj.gov).

2. Respondents shall, no later than July 2, 2025, at noon Pacific Daylight Time, answer or respond to the Petition.

3. Although a United States District Court generally lacks subject matter jurisdiction to review orders of removal, *see* 8 U.S.C. § 1252(a)(1), (g), it does generally have jurisdiction over habeas petitions. *See* 28 U.S.C. § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas corpus remains available to every individual detained by the United States."). Moreover, "'a federal court always has jurisdiction to determine its own jurisdiction,'" including its own subject-matter jurisdiction. *Brownback v. King¸* 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2022)). To give this Court the opportunity to determine whether it has subject matter jurisdiction, and if so to consider the validity of the habeas petition, a court may order respondents to preserve the status quo. *See United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). Such an order remains valid unless and until it is overturned, even when the issuing court lacks subject matter jurisdiction to determine the underlying action's merits. *See id.* at 294-95. This principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

4. Unless otherwise ordered by this Court, Petitioner shall not be moved outside of the District of Oregon without first providing advance notice of the intended

move. Such notice must be filed in writing and on the docket in this proceeding and must state the reason that the Respondents believe that such a move is necessary and should not be stayed pending further court proceedings. Once that notice has been filed on the docket, the Petitioner shall not be moved out of the District for a period of at least 48 hours from the time of the docketing. If the 48-hour period would end on a weekend or legal holiday, the period continues to run until the same time on the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). This period may be shortened or extended as appropriate by further Court order.

5. If the Respondents have already moved Petitioner outside of this District, Respondents are ordered to notify the Court **within two hours of being served with this Order.** Such notice must be filed in writing and on the docket in this proceeding. In addition, Respondents are further ordered to state in any such notice the exact date and time that Petitioner left the District of Oregon and the reason why Respondents believed that such a move was immediately necessary.

It is so ORDERED and DATED this ___25th___ day of June 2025.

/s/Ann Aiken
ANN AIKEN
United States District Judge